```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARIA ZIPPO,                                                  Civil Docket No.: 7:21-cv-6990

                            Plaintiff,
                                                              **AFFIRMATION IN SUPPORT**
         - against -                                          **OF DEFENDANTS'**
                                                              **MOTION FOR CONTEMPT**
ERVIN PASHO and BOZZUTO'S, INC.,

                            Defendants.
---------------------------------------------------------X
```

## INTRODUCTION

Defendants, ERVIN PASHO and BOZZUTO'S, INC., by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, hereby move for contempt for failure to comply with a subpoena pursuant to Fed. R.Civ.P. 45. Defendants respectfully request that this Honorable Court grant the Motion. In support thereof, the grounds upon which defendants' motion is based are set forth below.

## RELEVANT PROCEDURAL HISTORY

1. A civil action was commenced by the plaintiff, Maria Zippo, against Ervin Pasho and Bozzuto's, Inc. in the United States District Court for the Southern District of New York, Docket No. 7:21-cv-6990. Complaint (**Exhibit "A"**). This suit alleges that plaintiff was caused to serious personal injury due to a motor vehicle accident that occurred on April 16, 2020.

2. On October 15, 2021, defendants served their Answer (**Exhibit "B"**).

3. The deposition of plaintiff was completed on May 11, 2022. The depositions of defendants Ervin Pasho and Bozzuto's, Inc. were both completed on May 12, 2022.

4. All parties are now engaging in fact discovery. The current deadline to complete fact discovery is June 1, 2022.

5. Since the inception of this case, defendants have been attempting to procure all relevant medical records from plaintiff's treatment providers. To that end, a duly executed HIPAA authorization was sent to the following provider on December 9, 2021: Northwell Health. See HIPAA authorization and letter, annexed hereto as **Exhibit "C"**.

6. No response was received from the above provider pursuant to our HIPAA request. A second request letter was sent on January 12, 2022 to the following provider: Northwell Health. See second request letter annexed hereto as **Exhibit "D"**.

7. Also on January 12, 2022, duly executed HIPAA authorizations were sent to the following additional providers: J&S Kidswear and Adirondack Insurance Exchange. See HIPAA authorizations and letters, annexed hereto as **Exhibit "E"**.

8. Between February 18, 2022 and February 25, 2022, the above providers were served with subpoenas for their corresponding treatment and medical records of plaintiff. See various subpoenas and Affidavits of Service annexed hereto as **Exhibit "F"**. These subpoenas had a return date of March 15, 2022. No records from these providers have been received to date.

9. In order to continue moving this case as expeditiously as possible, we sought court intervention by way of a letter sent to Honorable Vincent L. Briccetti on May 18, 2022. This letter asked for So-Ordered subpoenas for Northwell Health, J&S Kidswear and Adirondack Insurance Exchange. See letter annexed hereto as **Exhibit "G"** (exhibits omitted in the interest of judicial economy)**.**

10. The Court determined that our letter did not conform with Judge Briccetti's rules. It was suggested that a motion be made to hold the following non-parties in contempt of the

properly served subpoenas: Northwell Health, J&S Kidswear and Adirondack Insurance Exchange.

11. To date, the following providers are in contempt of the properly served subpoenas:

   a. Northwell Health

   b. J&S Kidswear; and

   c. Adirondack Insurance Exchange.

## **ARGUMENT**

13. Defendants' Motion for Contempt must be granted because the above providers clearly failed to comply with the subpoenas which was properly served pursuant to Fed. R.Civ.P. 45. Fed. R.Civ.P. 45 states in pertinent part:

   (c) Place of compliance

   (2) For other discovery. A subpoena may command:

   (A) production of documents electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person….

   (e) Duties in responding to a subpoena

   (1) Producing documents or electronically stored information (These procedures apply to producing documents or electronically stored information.)

   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   (g) Contempt. The court for the district where compliance is required…. may hold in contempt, a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

14. A party seeking a civil contempt order must establish that (1) a valid subpoena existed; (2) the accused individual had knowledge of the subpoena; (3) he or she disobeyed the subpoena. *Harris v. City of Philadelphia,* 47 F.3d 1342, 1349 (3d Cir. 1999); *Anderson v. Sullivan*, 2013 U.S. Dist. LEXIS 116086, 12 – 13 (W.D. Pa. Aug. 16, 2013). Rule 45 grants the Court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *Paine Webber, Inc. v. Acstar Ins. Co.*, 211 F.R.D 247, 249 (S.D.NY. 2002). The decision to hold a person in contempt is squarely within the discretion of the Court. See *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990) ("Courts have broad discretion in fashioning civil contempt sanctions.") (Citation omitted); *Barnes Foundation v. Township of Lower Merion*, 1997 U.S. Dist. LEXIS 4444, 1997 W.L. 169442 at 5 (E.D. 1997) (whether to hold a non-party in contempt is "within the discretion of the Court").

15. Here, it is undisputed that valid subpoenas existed, the above providers had knowledge of the subpoena and the providers have disobeyed the subpoenas.

16. The above records are necessary to defend the interest of the defendants in this case. Plaintiff is claiming serious personal injury. In order to evaluate plaintiff's treatment and the extent of these injuries, we need the medical records from all of his treating physicians. We also need plaintiff's employment file in order to evaluate the nearly $400,000 lost wage claim that is being made.

15. As the above providers clearly failed to comply with the subpoenas served pursuant to Fed. R.Civ.P. 45, the Motion of Defendants, Ervin Pasho and Bozzuto's, Inc., for Contempt must be granted. Furthermore, the above providers must be compelled to comply with the subpoena and must comply with the subpoena.

16. No prior application has been made for the relief requested herein.

**WHEREFORE**, it is respectfully requested that the Court grant this motion and issue an Order holding the above providers in contempt for failure to produce documents and that the above providers be compelled to provide the requested documents, together with such other relief as the Court deems proper and together with the costs of this motion.

Dated: Melville, New York
        May 26, 2022

                                      Respectfully submitted,

                                      **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By:      *s/ Jennifer M. Roberts*
                                      Jennifer M. Roberts (JMR 0289)
                                      175 Pinelawn Road - Suite 250
                                      Melville, NY 11747
                                      Tel: (631)-227-6348
                                      Fax: (631)-232-6184
                                      Our File No.: 41821.00128
                                      E-mail: jmroberts@mdwcg.com
                                      *Attorneys for Defendants*
                                      ***Ervin Pasho and Bozzuto's, Inc***